UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRY A. LEGGETT,

        Petitioner,

                                              CASE NO. 2:07-CV-12442
v.                                            HONORABLE LAWRENCE P. ZATKOFF

LINDA M. METRISH,

        Respondent.
                                                   /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Michigan prisoner Terry Leggett ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of entering without breaking with intent to commit larceny, Mich. Comp. L. § 750.11, following a jury trial in the Oakland County Circuit Court. He was sentenced as a fourth habitual offender, Mich. Comp. L. § 769.12, to a term of 30 months to 20 years imprisonment in 2005. In his pleadings, Petitioner raises claims concerning the admission of his prior armed robbery conviction as impeachment evidence and the effectiveness of trial counsel for failing to request a jury instruction on a lesser offense. For the reasons stated, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

Petitioner's conviction arises from an incident which occurred in a residential neighborhood in Southfield, Michigan on June 9, 2005. At trial, Daniel Rodgers, Sr. testified that he was at home at 8:30 p.m. that day when he saw Petitioner ride out of his two-car detached garage on a white and brown bicycle carrying a backpack. As Rodgers ran out of his house, yelling, "come back," he saw his electric hedge clippers hanging out of Petitioner's backpack. He returned to his home and called the police. The hedge clippers were admitted into evidence.

Southfield Police Officer Patrick Therault testified that he responded to the dispatch that evening and observed Petitioner riding a bicycle and carrying a backpack with hedge clippers about one-half mile from Rodgers' residence. He arrested Petitioner. As Rodgers called the police station to determine what had been taken from Rodgers' garage, Petitioner admitted that he had taken the hedge clippers from the garage.

Petitioner testified in his own defense at trial. He admitted that he entered Rodgers' garage, claiming that he had done so to get out of the rain and denying that he did so with the intent to steal. Petitioner explained that he passed out after he entered the garage due to a 1992 closed head injury, lack of sleep, and intoxication. He said that he woke up when he heard the garage door closing and exited the garage on foot. He admitted that he had a backpack with him, but said that he did not notice the hedge clippers in the bag until he was some distance away. He did not want to go back to return them. Petitioner did not remember taking the hedge clippers, nor did he recall telling the police officer that he had done so. He acknowledged that he did not have permission to enter the garage or to take the hedge clippers. The trial court allowed the prosecutor to impeach Petitioner's testimony with a prior armed robbery conviction.

After a very brief deliberation, the jury found Petitioner guilty of entering without breaking with the intent to commit a larceny. The trial court subsequently sentenced him as a fourth habitual offender to 30 months to 20 years imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, asserting the same claims raised in the present petition. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Leggett*, No. 265142, 2006 WL 3734113 (Mich. Ct. App. Dec. 19, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *People v. Leggett*, 477 Mich. 1115, 729 N.W.2d 858 (2007).

Petitioner thereafter filed his federal habeas petition asserting the following claims as grounds for relief:

> A. He was denied a fair trial by the trial court's legally erroneous decision to allow impeachment with an armed robbery conviction.
>
> B. He was denied a fair trial and the effective assistance of counsel by his attorney's failure to request an instruction on the lesser included misdemeanor offense of entering without permission.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Analysis**

   A.     Other Acts Evidence

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting a prior armed robbery as impeachment evidence. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Consequently, to the extent that Petitioner challenges the trial court's decision under the Michigan Rules of Evidence, he merely alleges a violation of state law which does not entitle him to relief. *See, e.g., Wheeler v. Jones*, 59 Fed. Appx. 23, 28 (6th Cir. 2003). State courts are the final arbiters of state law and federal habeas courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant federal habeas relief. *See Bugh v.*

5

*Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

As to the admission of prior acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[1] Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has thus failed to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, Petitioner is not entitled to relief even if he has stated a cognizable claim. The Michigan Court of Appeals denied relief on this claim finding that any error in admitting evidence of the armed robbery conviction was harmless. *See Leggett*, 2006 WL 3734113 at *1-2. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's

---

[1]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

verdict). Given the overwhelming evidence of guilt presented at trial, including Mr. Rodgers' testimony, the police officer's testimony, and Petitioner's own admissions, the Court concludes that the evidence of Petitioner's prior conviction did not have a substantial and injurious effect or influence on the jury's verdict. Petitioner has not shown that the admission of the disputed evidence rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

      B.      Ineffective Assistance of Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request a jury instruction on the lesser misdemeanor offense of entering without permission. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim, stating in relevant part:

> Breaking and entering or entering without permission, MCL 750.115, is a necessarily included lesser offense of entering without breaking with intent to commit a larceny, MCL 750.111. *Cf. People v. Cornell*, 466 Mich 335, 360-361; 646 NW2d 127 (2002) (concluding that breaking and entering or entering without permission, MCL 750.115, is a necessarily included lesser offense of breaking and entering with intent to commit larceny, MCL 750.110.)
>
> "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Id.* at 357. In this case, as in *Cornell, supra*, the intent to commit a larceny was a disputed factual element that was part of the greater, but not the lesser, offense. Because defendant denied having the intent to commit larceny when he entered the garage, an instruction on the lesser misdemeanor offense would have been proper had defense counsel requested it.
>
> Defense counsel's decision not to request the instruction may have been a matter of trial strategy, intended to force the jury to make an all-or-nothing decision. *See People v. Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982). However, defense counsel's comments before trial suggest that he did not make a strategic decision, but was unaware of or misunderstood the applicability of MCL 750.115.
>
> But even if counsel's failure to request an instruction on the misdemeanor was a mistake rather than a strategic decision, defendant was not prejudiced by counsel's inaction. To obtain relief on the basis of ineffective assistance of counsel, defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...." *Toma, supra* at 302-303 (citations and internal quotation marks omitted). Defendant did not deny

> entering the complainant's garage or leaving with the complainant's property. Defendant's entry and removal of the property allowed the jury to infer that he entered the garage with the intent to steal. *See People v. Willis*, 26 Mich App 366, 367; 182 NW2d 608 (1970). Although defendant denied intending to take the property, he testified that he had no idea how he came to be in the garage or how the hedge trimmers appeared in his backpack. Considering defendant's inability to explain either of these events, there is no reasonable probability that the result of the trial would have been different had the jury been instructed on the lesser misdemeanor offense.

*Leggett*, 2006 WL 3734113 at *2-3.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Even if trial counsel erred in failing to request the instruction on the lesser included offense, Petitioner cannot establish that he was prejudiced by counsel's conduct given the aforementioned overwhelming evidence of Petitioner's guilt on the charged offense of entering without breaking with the intent to commit a larceny. *See* Mich. Comp. L. § 750.111. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and denies the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that

9

. . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to both of his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 26, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290